IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

**DAVID DEL BOSQUE,**

      **Plaintiff,**

                                                                                             Civil Action No. 7:16-cv-00009-RAJ

**v.**

**BAKER HUGHES OILFIELD OPERATIONS,
INC., and BAKER HUGHES INCORPORATED,
jointly and severally,**

      **Defendants.**

**DEFENDANTS BAKER HUGHES OILFIELD OPERATIONS, INC.
AND BAKER HUGHES INCORPORATED'S FRCP 12(b)(6)
<u>MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM</u>**

    Defendants, Baker Hughes Oilfield Operations, Inc. and Baker Hughes Incorporated (collectively, "Defendants"), hereby file this motion to dismiss Plaintiff David Del Bosque's ("Plaintiff") Original Complaint and Demand for Jury Trial [Doc. 1] ("Complaint") for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

                                      **I.     INTRODUCTION AND SUMMARY**

    Plaintiff worked as an account manager in Baker Hughes's Midland, Texas office from February 2012 until he was laid off in February 2015.[1] Plaintiff contends that in "early 2014" he was denied two promotions; that he made an internal complaint alleging he was bypassed for the promotions based on his race and age; that he later made statements in support of a co-worker's

---

[1] *See* Compl. ¶¶ 11-12, 57.

gender-based claims; and that he was then selected for layoff in retaliation for engaging in these protected activities and because of his race and age.[2]  Plaintiff has since filed this lawsuit alleging claims under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), the Age Discrimination in Employment Act of 1967, as amended ("ADEA"), 42 U.S.C. § 1981, and the Texas Commission on Human Rights Act ("TCHRA"), as codified in Texas Labor Code § 21.051 *et seq.*  These claims should be dismissed for two basic and readily apparent reasons: 1) Plaintiff knowingly and voluntarily signed a valid and enforceable Severance Release Agreement the day he was laid off; and 2) Plaintiff's promotions claims are time-barred because they arose more than 300 days before he filed his EEOC charge.

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes this Court to dismiss Plaintiff's suit for "failure to state a claim upon which relief can be granted" if Plaintiff's factual allegations do not show a right to relief that is plausible and above mere speculation.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[3]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[4]  "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully."[5]

---

[2] *See* Compl. ¶¶ 14-16, 21-26, 75, 84, 93, 103, 114.

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

[4] *Id.*

[5] *Id.*

DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

To avoid a dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations.[6] The "[f]actual allegations must be enough to raise a right to relief above the speculative level."[7] The Court may not accept as true conclusory allegations or unwarranted deductions of fact.[8]

### III.   ARGUMENT

**A.   Plaintiff Executed a Valid and Enforceable Release of Claims.**

Plaintiff executed the valid and enforceable Severance Release Agreement ("Agreement" attached hereto as Exhibit A) releasing the claims in this lawsuit on February 4, 2015. Specifically, Plaintiff was laid off on February 4, 2015 and presented with the Agreement, which stated in pertinent part:

> **2.   General Release.**  In exchange for the payment described in paragraph 1, and subject to the Exclusions listed in paragraph 3 below, you are waiving and releasing all known or unknown claims and causes of action you have or may have, as of the day you sign this Agreement, against the Company arising out of your employment, including your separation from employment.  The claims you are releasing include, but are not limited to, any and all allegations that the Company:
>
> a)   has discriminated against you in violation of the Age Discrimination in Employment Act ("ADEA"), the Family and Medical Leave Act ("FMLA"), or on the basis of race, color, sex (including pregnancy), national origin, ancestry, disability, religion, sexual orientation, marital status, parental status, veteran status, source of income, entitlement to benefits, union activities, or any other status protected by local, state or federal laws, constitutions, regulations, ordinances or executive orders . . . .[9]

---

[6] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994)).

[7] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[8] *Collins*, 224 F.3d at 498.

[9] *See* Ex. A, Severance Release Agreement, § 2.

DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Additionally, as required by the Older Workers Benefits Protection Act ("OWBPA"), the Agreement acknowledged that Plaintiff had forty-five (45) days to consider the Agreement and seven (7) days to revoke it after signing it.[10] Specifically, the Agreement stated:

> **12.    Revocation/Payment.**  After you sign this Agreement, you will have 7 days to revoke it.  If you want to revoke this Agreement you should deliver a written revocation by letter or facsimile addressed to Le Hammer, Senior Labor & Employment Counsel, Le.Hammer@BakerHughes.com, 2929 Allen Parkway, Ste 2100, Houston, TX 77019 (fax number: 713.439.8444) within 7 days after you signed it. . . .

Plaintiff executed the Agreement the day it was presented to him, February 4, 2015.[11]  A month later, on March 4, 2015, Plaintiff delivered the signed Agreement to Defendants via email.[12]  On March 10, 2015, Plaintiff attempted to revoke the Agreement by sending an email to MyHR@bakerhughes.com.[13]

Plaintiff's attempted revocation was ineffective because: 1) it was not timely; and 2) it was not properly submitted. It was untimely because the seven-day revocation period commenced when Plaintiff signed the Agreement on February 4, 2015.  The plain language of the Agreement stated that "[a]fter you *sign* this Agreement, you will have 7 days to revoke it."[14]  Further, the regulatory interpretation of the OWBPA reinforces that the seven-day period commences upon the employee's signature: "An employee may *sign* a release prior to the end of

---

[10] *See* Ex. A §§ 11-12.  The Agreement also satisfies the additional requirements set forth in the OWBPA.  *See* 29 U.S.C. § 626(f); Ex. A §§ 1-3, 11-12.

[11] *See* Ex. A, at 6.

[12] *See* Ex. B, Email from Plaintiff (Mar. 4, 2015, 9:27 CST).

[13] *See* Ex. B, Email from Plaintiff (Mar. 10, 2015, 11:59 CST).  Because Plaintiff attempted to revoke the Agreement and a dispute subsequently arose regarding the validity of his revocation, Defendants have withheld payment pending the resolution of the dispute.

[14] *See* Ex. A § 12 (emphasis added).

the 21 or 45 day time period, thereby *commencing the mandatory 7 day revocation period.*"[15] Thus, by signing the Agreement on February 4, 2015, Plaintiff had until February 11, 2015 to revoke the Agreement. Therefore, Plaintiff's attempted revocation on March 10, 2015 was untimely and ineffective.

Additionally, assuming, *arguendo,* that Plaintiff had revoked the release within seven days of signing it, his revocation would still have been ineffective because it was not properly submitted. Section 12 of the Agreement set forth the various methods for Plaintiff to submit his revocation. Under Texas law, unambiguous contracts are enforceable as written.[16] Because Plaintiff submitted his revocation to MyHR@bakerhughes.com rather than to Le.Hammer@BakerHughes.com as unambiguously required by the Agreement, Plaintiff's attempted revocation was ineffective. Accordingly, this Court should dismiss Plaintiff's Complaint with prejudice because he released the claims contained in this lawsuit.

**B.     Plaintiff's Promotion Claims Are Time-Barred.**

The promotions forming the basis of Plaintiff's promotions claims under Title VII, the ADEA, and the TCHRA occurred more than 300 days before the filing of Plaintiff's EEOC charge and are therefore time-barred. Discrete acts that occurred outside the 300-day charge-filing period cannot form the basis of discrimination claims under Title VII, the ADEA, or the TCHRA.[17] A failure to promote is a discrete act that "occurred" on the day it "happened."[18]

---

[15] 29 C.F.R. § 1625.22(e)(6) (emphasis added); *see also Nakamoto v. Lockheed Martin Corp.*, No. C-09-05193-JF (HRL), 2010 WL 2348634, at *7 (N.D. Cal. June 8, 2010).

[16] *See, e.g.*, *Heritage Res., Inc. v. NationsBank*, 939 S.W.2d 118, 121 (Tex. 1996).

[17] *See, e.g.*, *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002); *Blasingame v. Eli Lilly & Co.*, No. H-11-4522, 2013 WL 5707324, at *5 (S.D. Tex. Oct. 18, 2013).

[18] *Morgan*, 536 U.S. at 110-15.

DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Each discrete discriminatory act starts a new clock for filing charges related to that act.[19] A party who fails to exhaust administrative remedies by filing a charge within 300 days from the date the act occurred loses the ability to recover.[20] Discrete acts are not actionable if time-barred, even when they are related to acts alleged in timely filed charges.[21] Accordingly, Plaintiff's promotion claims that arose outside of the 300-day filing window are time-barred and must be dismissed.

Plaintiff filed his EEOC charge on March 24, 2015. The promotions he alleges he was discriminatorily denied occurred before May 28, 2014 and are therefore outside of the 300-day filing window and time-barred.[22] Specifically, Plaintiff alleges he was denied the following two promotions: 1) Chevron Station Manager; and 2) Kinder Station Manager.[23] The Chevron Station Manager position was filled by Marketta Blair on January 5, 2014, four hundred forty-three (443) days before Plaintiff filed his EEOC charge.[24] Likewise, the Kinder Station Manager position was offered to Zach McCain on or before April 25, 2014, three hundred thirty-three (333) days before Plaintiff filed his EEOC charge.[25] Because Plaintiff failed to file a timely charge based on these two discrete acts, they are no longer actionable.[26] Accordingly, Plaintiff's

---

[19] *Id.* at 113.

[20] *Id.* at 110; *see also* 42 U.S.C. § 2000e-5(e)(1).

[21] *Morgan*, 536 U.S. at 113.

[22] *See Martinez v. Tex. Workforce Comm'n-Civil Rights Div.*, No. A-11-CA-837 LY, 2013 WL 5354579, at *6 (W.D. Tex. Sept. 24, 2013).

[23] *See* Compl. ¶¶ 14-16, 21-26, 75, 93.

[24] *See* Ex. C, Blair Promotion Letter. Defendants note that Ms. Blair's first name is misspelled as "Marquetta" in the Complaint.

[25] *See* Ex. D, McCain Promotion Letter.

[26] *See Morgan*, 536 U.S. at 113.

promotions claims under Title VII, the ADEA, and the TCHRA are time-barred and should be dismissed as a matter of law.

## IV.     CONCLUSION AND PRAYER

Plaintiff fails to state any claim upon which relief may be granted against Defendants. Plaintiff signed a valid and enforceable Severance Release Agreement wherein he released all of the claims brought in this lawsuit.  Additionally, Plaintiff's failure-to-promote claims under Title VII, the ADEA, and the TCHRA are barred as a matter of law because they arose more than 300 days before Plaintiff filed his EEOC charge.  For the foregoing reasons, Defendants request that the Court grant this Motion, dismiss Plaintiff's lawsuit in its entirety with prejudice, and award Defendants all other relief to which they may be justly entitled.

Dated: February 10, 2016        Respectfully submitted,

       **AKIN GUMP STRAUSS HAUER & FELD LLP**

       */s/ Brian G. Patterson*
       Brian G. Patterson, Attorney-in-Charge
       Texas Bar No. 24042974
       Courtney L. Stahl
       Texas Bar No. 24088463
       1111 Louisiana Street, 45th Floor
       Houston, Texas 77002
       Telephone: (713) 220-5800
       Facsimile: (713) 236-0822
       bpatterson@akingump.com
       cstahl@akingump.com

       *Attorneys for Defendants Baker Hughes Oilfield Operations, Inc. and Baker Hughes Incorporated*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was electronically filed and served on all attorneys of record pursuant to the Federal Rules of Civil Procedure on this the 10th day of February, 2016.

     Nicole M. Conger
     Thomas H. Padgett, Jr.
     ROSS LAW GROUP
     1104 San Antonio Street
     Austin, Texas 78701
     Telephone: (512) 474-7677
     Facsimile: (512) 474-5306

*Attorneys for Plaintiff David Del Bosque*

       */s/ Brian G. Patterson*
       Brian G. Patterson